JS-6

O

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 5-13-15

FILED
CLERK, U.S. DISTRICT COURT
MAY 13 2015
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE T. TURNER, <br><br> Petitioner, <br><br> vs. <br><br> J. SOTO, Warden, <br><br> Respondent. | Case No. CV 15-3342-CAS (RNB) <br><br> ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA |

Petitioner is a California state prisoner, currently confined at a state prison facility in Lancaster. On May 4, 2015, he filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein. It appears from the face of the Petition that petitioner's custodial status arises out of a 1996 conviction sustained in San Diego County Superior Court. Petitioner is challenging the $10,000 restitution fine that was imposed by the Superior Court as part of his sentence. Petitioner claims that the trial court erroneously assumed that petitioner would be able to pay from his prison wages.

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which the petitioner was convicted and sentenced. See 28 U.S.C. § 2241(d). Petitioner presently is confined in a correctional facility located in Los Angeles County and thus within the jurisdictional boundaries of this District (i.e., the

Central District of California). See 28 U.S.C. § 84(c). Petitioner was convicted and sentenced in San Diego County, which is located within the Southern District of California. See 28 U.S.C. § 84(d). Accordingly, jurisdiction exists in both the Central and Southern Districts.

When a habeas petitioner is challenging his underlying conviction or sentence, the district court for the district in which the petitioner was convicted and sentenced is a more convenient forum because of the accessibility of evidence, records, and witnesses. Thus, it generally is the practice of the district courts in California to transfer habeas actions questioning state convictions/sentences to the district in which the petitioner was convicted and sentenced. Although two districts have jurisdiction to entertain the instant petition, any and all records, witnesses, and evidence necessary for the resolution of petitioner's contentions are more readily available in San Diego County. See Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968). Therefore, in furtherance of the interest of justice,

**IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States District Court for the Southern District of California. See 28 U.S.C. § 2241(d).

**IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order upon petitioner and upon the California Attorney General.

DATED:   May 12, 2015

*Christina A. Snyder*
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

*Robert N. Block*
Robert N. Block
United States Magistrate Judge